**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2012

Lyle W. Cayce
Clerk

No. 12-40164
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEVADIP CARLOS ESPERICUETA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-856-5

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Devadip Carlos Espericueta pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine. Espericueta was sentenced to the statutory mandatory minimum sentence of 120 months of imprisonment. He contends that the district court procedurally erred in computing his criminal history score. Specifically, he contends that under an earlier version of the Guidelines, he would not have been assessed two criminal history points for his assault and evading arrest convictions because they arose

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from the same criminal transaction. Espericueta contends that the district court's procedural error resulted in a sentence inconsistent with the 18 U.S.C. § 3553(a) factors and made him ineligible for a safety valve reduction.

As an initial manner, the district court correctly applied the 2011 version of the Sentencing Guidelines since that version was in effect at the time of Espericueta's sentencing and its application would not violate the Ex Post Facto Clause. *See* U.S.S.G. § 1B1.11(a). According to the revised presentence report (RPSR), Espericueta was arrested on September 7, 2001, for assault and evading arrest. However, Espericueta was charged in separate charging instruments for the crimes and was sentenced on separate dates. Thus, it was not improper to count the sentences separately. *See* U.S.S.G. § 4A1.2(a)(2). Accordingly, the district court did not commit any procedural error in assigning one criminal history point to each of these convictions. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Moreover, even if Espericueta's argument was valid and he should have been awarded only one point for these convictions, he still would have a total of two criminal history points thereby making him ineligible for a safety valve reduction. *See* U.S.S.G. § 5C1.2(a)(1) (providing that a defendant may not have more than one criminal history point). Accordingly, Espericueta's argument regarding the calculation of his criminal history score is unavailing.

Espericueta also contends that the district court procedurally erred by not making specific findings regarding the calculation of his criminal history category. He asserts that due to the error, "[i]t is impossible to determine the number of criminal history points (other than Category II) that the district court assessed" in his case. Because Espericueta raises this argument for the first time on appeal, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

In the instant case, the district court and defense counsel discussed Espericueta's criminal history and the applicability of a safety valve reduction. The district court determined that Espericueta did not qualify for a safety valve

reduction due to his three criminal history points, thereby implicitly overruling Espericueta's objection to the RPSR. Espericueta did not raise any additional arguments at the sentencing hearing. Before imposing sentence, the district court adopted the findings of the RPSR. The district court also expressly noted that Espericueta had a total offense level of 29, a criminal history category of II, and an advisory guidelines range of 97 to 121 months. After the district court sentenced Espericueta to the statutory mandatory minimum of 120 months of imprisonment, the court stated that it had "consider[ed] those factors under . . . [§] 3553(a) and concludes that a sentence within these Guidelines satisfies them."

Espericueta has failed to show any procedural error in connection with his sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Further, even if the court's explanation was deficient, Espericueta has failed to show how a more detailed explanation regarding the calculation of his sentence would have changed his statutory mandatory minimum sentence. *See Mondragon-Santiago*, 564 F.3d at 365; *see also United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011). Accordingly, the judgment of the district court is AFFIRMED. *See Gall*, 552 U.S. at 50.